```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GABINO GENAO,

                                    Plaintiff,              21-CV-00301 (AT) (VF)

               -against-                                    21-CV-00303 (AT) (VF)

CITY OF NEW YORK et al.,                                    OPINION AND ORDER

                                    Defendants.

-----------------------------------------------------------------X
```

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On July 5, 2022, Plaintiff Gabino Genao filed a Motion for the Appointment of Counsel in the above referenced actions,[1] asserting, among other things, that such appointment is warranted because (1) Plaintiff is unable to afford counsel; (2) the issues involved in the case are complex; (3) as a "segregation inmate," Plaintiff has limited access to the law library; (4) Plaintiff has limited knowledge of the law; and (5) Plaintiff has made "numerous attempts" to obtain counsel, which have been unsuccessful. Defendants have not opposed this motion.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, plaintiff's efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Id. Indeed:

---

[1] For Case No. 21-cv-00301, the motion was filed at ECF No. 69, and a revised motion was filed at ECF No. 71 on July 14, 2022. For Case No. 21-cv-00303, the motion was filed at ECF No. 63, and a revised motion was filed at ECF No. 64 on July 14, 2022.

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

Here, Plaintiff has not made a "threshold showing of some likelihood of merit." Id. Accordingly, the Court denies the motion without prejudice at the current stage. The Clerk of Court is respectfully requested to close ECF Nos. 69 and 71 for Case No. 21-CV-00301, and ECF Nos. 63 and 64 for Case No. 21-CV-00303.

**SO ORDERED.**

DATED:   August 16, 2022
         New York, New York

VALERIE FIGUEREDO
United States Magistrate Judge