**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Gabino Genao

                                    Plaintiff,                    **21-CV-00301 (AT) (VF)**

                  -against-                                       **ORDER**

City of New York et al.,

                                    Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On January 19, 2022, Plaintiff filed a motion to compel Defendants to produce

certain documents. See ECF No. 39. Plaintiff filed a similar motion to compel in his

related case also involving Defendants. See ECF No. 45, Dkt. 21 Civ. 303. The Court

held telephonic conferences on May 5, 2022, and May 19, 2022, to address the two

motions. In this case, Plaintiff seeks any "Chemical agent deployment directive;" any

"Gentec camera disposal directive," and any "Gentec camera directive when camera is

offline and inoperable." See ECF No. 39 at Ex. 1.[1] Defendants submitted the applicable

directives to the Court for *in camera* review—specifically, "Directive 5006R-D, Use of

Force"; "Directive 4510R-H—Chemical Agents"; and "Directive 4523R-A, Handheld

Video Recording Equipment and Electronic Evidence."

      Defendants argued that the directives were not relevant to Plaintiff's claims

because an alleged violation of a directive does not establish a federal constitutional

claim. See ECF No. 56. But "that does not make the information contained within such

prison policies, procedures, or directives irrelevant for purposes of discovery." See

------

[1] The other requests raised by Plaintiff in his motion to compel were addressed and
resolved during the telephonic conferences on May 5, 2022, and May 19, 2022.

Culbreath v. Griffin, No. 17-CV-3406 (KMK) (LMS), 2018 WL 11299396, at *5 (S.D.N.Y. Mar. 1, 2018). In his complaint, Plaintiff alleges that he was sprayed with "OC" and brings an Eighth and Fourteenth Amendment claim for the alleged use of excessive force. See ECF No. 2 at 6-7. The information contained within the chemical agent and use of force directives "may be probative of the subjective requirement in the Eighth Amendment excessive force analysis," Culbreath, 2018 WL 11299396, at *5, and may also be probative to showing whether the alleged force was objectively unreasonable for purposes of a Fourteenth Amendment excessive force claim.

On June 6, 2022, the Court held a conference and indicated that Defendants were to produce the directives to Plaintiff. Defendants requested that the directives be produced subject to execution of a confidentiality agreement with Plaintiff and subject to certain redactions predicated on safety and security concerns. Following that conference, the parties executed a confidentiality stipulation and protective order. See ECF No. 65. Defendants also submitted, ex parte, proposed redactions to the Court for only one directive, Directive 4510R-H—Chemical Agents. On August 16, 2022, the Court held another conference at which it directed Defendants to produce the directives to Plaintiff. Defendants subsequently produced all but one directive to Plaintiff; none of the directives that were produced to Plaintiff contained redactions; Plaintiff confirmed that he received those directives; and Defendants sought the Court's permission to produce Directive 4510R-H—Chemical Agents (the "Chemical Agent Directive") to Plaintiff with certain proposed redactions. See ECF No. 79 at 1.

Subsequently, Defendants submitted a supplemental letter in support of the proposed redactions to the Chemical Agent Directive. See ECF No. 79. In that letter,

Defendants argued that the redactions were necessary to protect from disclosure information that could compromise the security of the prison facility at which Plaintiff is housed and the safety of other inmates at that facility. See id. at 2-3. Additionally, Defendants submitted a declaration from Captain K. McCarthy, a certified Chemical Agent Instructor for the Department of Corrections. See id., Ex. B. Captain McCarthy explains that the information contained in the Chemical Agents Directive is classified as "Security Material," distribution of which is restricted and limited to only certain high-ranking Department of Corrections officials. See id., Ex. B ¶ 13. Moreover, Captain McCarthy also notes that the redactions proposed by Defendants are to information that specifically relates to the use of chemical agents during prison riots. See id., Ex. B ¶¶ 15-17. As Captain McCarthy indicates, disclosure of such information could assist incarcerated inmates in "planning and executing a prison riot." Id. Finally, Defendants note that on numerous prior occasions, Plaintiff has set fires while in custody and, in some instances, those fires have required the evacuation of entire housing areas within the prison facility. See id. at 2. Captain McCarthy explains that Plaintiff could use the redacted information, along with other publicly available information, to start fires if chemical agents are deployed by facility personnel during a riot or other dangerous situation, or to inform other inmates about how to deploy such chemical agents to start fires. See id., Ex. B ¶¶ 18-19.

Here, Captain McCarthy's declaration sets forth specific facts to support Defendants' claim that disclosure of the redacted information in the directive would compromise the security of the prison facility at which Plaintiff is housed or the security of other prison facilities, should Plaintiff disseminate the information to other inmates.

3

See Benitez v. Straley, No. 01 Civ. 0181 (CM) (RLE), 2008 WL 4093479, at *2

(S.D.N.Y. Sept. 2, 2008); Medina v. Hunt, No. 9:05-CV-1460 (DNH) (GHL), 2008 WL

2228962, at *1 (N.D.N.Y. May 29, 2008). Having reviewed the Chemical Agent

Directive and the proposed redactions, the Court concludes that the redactions made to

the directive in the interests of security and safety concerns are appropriate. As such,

Defendants are ordered to produce Directive 4510R-H—Chemical Agents with the

proposed redactions. The Clerk of Court is respectfully directed to terminate motion at

ECF No. 79.


**SO ORDERED.**

DATED:        New York, New York
              September 9, 2022

                                        _____
                                        VALERIE FIGUEREDO
                                        United States Magistrate Judge