```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GABINO GENAO,

                                                                Plaintiff,                            21-CV-00301 (AT) (VF)

                 -against-                                                            **OPINION AND ORDER**

CITY OF NEW YORK et al.,

                                              **Defendants.**

------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On August 31, 2022, Plaintiff Gabino Genao filed a Motion for the Appointment of Counsel, asserting, among other things, that such appointment is warranted because (1) Plaintiff is unable to afford counsel; (2) the issues involved in the case are complex; (3) as a "segregation inmate," Plaintiff has limited access to the law library; (4) Plaintiff has limited knowledge of the law; (5) Plaintiff has made numerous attempts to obtain counsel; and (6) "[d]ue to serious medical conditions and a recently diagnosed brain tumor" Plaintiff has been experiencing several adverse side effects. See ECF No. 78 at 1. Defendants have not opposed this motion.

       The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, plaintiff's efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Id. Indeed:

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were

>brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

At the current stage, Plaintiff has not made a "threshold showing of some likelihood of merit." Id. Accordingly, the Court denies the motion without prejudice. Cf. Kulkarni v. Actavis Generics, No. 22-CV-5735 (PAE) (BCM), 2022 WL 7164238, at *1 (S.D.N.Y. Sept. 30, 2022) ("As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success.") (citing Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986)). The Clerk of Court is directed to terminate the motion at ECF No. 78.

**SO ORDERED.**

DATED:   September 11, 2023
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge