UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Gabino Genao,

                              Plaintiff,                          **21-CV-00301 (AT) (VF)**

            -against-                             **OPINION AND ORDER**

City of New York et al.,

                             Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      This action, brought under 42 U.S.C. § 1983 by *pro se* plaintiff Gabino Genao ("Plaintiff"), is based on a limited set of facts and circumstances that arose when Plaintiff was incarcerated in the custody of the New York City Department of Corrections at the Manhattan Detention Center. Specifically, Plaintiff contests Defendants' actions in response to a fire that Plaintiff set in his cell on December 16, 2020. See ECF No. 2 ("Compl.").

      By an Opinion and Order dated September 8, 2023, this Court denied without prejudice Plaintiff's previous application for the appointment of pro bono counsel. See ECF No. 113. At that time, there was no substantial need for the services of pro bono counsel at that times and thus it was an appropriate exercise of discretion to deny Plaintiff's requests. See id.

      On May 8, 2023, Defendants moved for summary judgment on all of Plaintiff's claims, except his excessive-force claim based on Officer Freemantle's use of OC spray. See ECF No. 95. On January 4, 2024, the Court issued a Report and Recommendation recommending that Defendants' motion for summary judgment be denied as to Plaintiff's excessive-force claim based on Officer Nwosu's use of a fire extinguisher. See ECF No. 124. Additionally, because Defendants did not move for summary judgment as to Genao's excessive-force claim as it relates to Officer Freemantle's use of the OC spray, that claim also survives. Now, therefore, the Court

directs the Clerk of Court to seek pro bono counsel to enter a limited appearance for the purpose of assisting Plaintiff in litigating his two surviving claims at trial. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* (IFP) statute provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. Id. Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel under the IFP statute, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants with truly deserving causes. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for IFP status. The court must then consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

2

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In evaluating these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed an IFP application, and the Court granted it. See Order dated March 10, 2023, ECF No. 11. Plaintiff therefore qualifies as indigent.

In his complaint, Plaintiff asserted claims for excessive force, deliberate indifference to medical needs, unconstitutional conditions of confinement, violations of 18 U.S.C. §§ 1001 and 242, and municipal liability. See Compl. On May 8, 2023, Defendants moved for summary judgment on all of Plaintiff's claims except for his excessive-force claim as it relates to Officer Freemantle's use of OC spray. See ECF No. 95. On January 4, 2024, the Court issued a Report and Recommendation recommending that Defendants' motion for summary judgment be denied as to Plaintiff's excessive-force claim relating to Officer Nwosu's use of the fire extinguisher. See ECF No. 124. Given that the Court has recommended that Plaintiff's excessive-force claim related to Officer Nwosu survive summary judgment and proceed to trial, and that Plaintiff's excessive-force claim related to Officer Freemantle will proceed to trial because Defendants did not move to dismiss it, Plaintiff has raised two claims that are "likely to be of substance." Hodge,

802 F.2d at 62; see also Baptiste v. Griffin, No. 18-CV-7274 (NSR), 2022 WL 3288235, at *2 (S.D.N.Y. Aug. 11, 2022) (finding § 1983 claim for excessive force under the Eighth Amendment "likely of substance" after surviving motion for summary judgment); O'Diah v. TBTA-Triborough Bridge & Tunnel Auth., No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1 (S.D.N.Y. July 16, 2021) (finding Eighth Amendment claims "likely of substance" after surviving motion to dismiss).

Lastly, because Plaintiff is presently incarcerated, it will be exceedingly difficult for him to adequately prepare for a trial on his surviving claims. The appointment of counsel is thus more likely to lead to a just determination of his claims. See Reed v. Edmonds, No. 05-CV-5906 (SHS) (HBP), 2006 WL 346189, at *1-2 (S.D.N.Y. Feb. 15, 2006) (granting a motion for *pro bono* counsel based, in part, on the fact that plaintiff was incarcerated which made it "extremely difficult for him to prepare his case for trial"); A.P. v. United States, No. 18-CV-4661 (KAM) (PK), 2018 WL 11401623, at *2 (E.D.N.Y. Dec. 18, 2018) (citing the fact that the defendant was incarcerated, which made "his ability to investigate the crucial facts of the face, to present his defense, or to obtain counsel independently . . . very limited" as one of the reasons to grant the request for *pro bono* counsel).

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before an attorney volunteers to take on the representation. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will agree to take the case, and plaintiff should be prepared to proceed with his case without an attorney.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 120.

**SO ORDERED.**

DATED:   New York, New York
         January 4, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge