USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/9/2024_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABINO GENAO,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

21 Civ. 301 (AT) (VF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

ANALISA TORRES, District Judge:

       Plaintiff *pro se*, Gabino Genao, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights during his pretrial detention. Compl., ECF No. 2. On May 8, 2023, Defendants—the City of New York (the "City"), Warden Sonya Harvey, Cynthia Brann, the Commissioner of the New York City Department of Corrections, Captain Moise, Officer Nowosu, Officer Freemantle, Captain Cohall, and Captain McCarthy—moved for summary judgment on all of Genao's claims. ECF No. 96–98. The Court referred Defendants' motion to the Honorable Valerie Figueredo. ECF No. 89.

       Before the Court is Judge Figueredo's Report and Recommendation (the "R&R"), dated January 4, 2024, which recommends that Defendant's motion be granted in part and denied in part. *See generally* R&R, ECF No. 124. On January 10, 2024, Genao filed timely objections to the R&R. Pl. Obj., ECF No. 126. Defendants did not file objections. *See* ECF No. 129.

       For the reasons stated below, the Court OVERRULES Genao's objections to the R&R and ADOPTS the R&R's conclusions.

## DISCUSSION[1]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 2–5, and, therefore, does not summarize them here.

2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.     Genao's Objections

First, Genao objects to Judge Figueredo's determinations that he has not established Defendants' deliberate indifference to his medical needs. R&R at 13–20; Pl. Obj. at 1–2. Genao cites several acts that he argues demonstrate deliberate indifference: the officers' use of pepper spray, which caused "itching, coughing, pain in stomach, throat and diarrhea," and a post-spray "strip search," which "delayed Genao's eventual decontamination." Pl. Obj. ¶¶ 1, 4; R&R at 13. He asks the Court to "reconsider" the R&R's findings that he failed to show an "objectively [] serious" medical condition, or that the prison officials "acted with a sufficiently culpable state of mind." Pl. Obj. at 1; R&R at 14, 20. As the R&R explains, however, it is undisputed that Genao was "taken to the shower pen to be decontaminated and then taken to the clinic for future decontamination and treatment within one hour of having been sprayed." R&R at 18 (cleaned up). And, although a medical directive indicated that "no chemical agents" should be used against Genao, the directive "does not identify any corresponding medical condition related to the prohibition." *Id.* at 20. Genao's objection merely reiterates his original arguments and does not trigger *de novo* review. *See* ECF No. 117 at 2–3. The Court finds no clear error on this ground.

Genao also renews his argument that he was left in his contaminated cell for ten days, exacerbating his asthma. Pl. Obj. ¶¶ 2, 3. But, as the R&R found, Genao raised this issue for the first time in his opposition briefs. R&R at 13 n.9, 23 n.11; *see Wilson v. City of New York*, 480

F. App'x 592, 594 (2d Cir. 2012) ("[I]t is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment." (cleaned up)).  The Court has independently reviewed the complaint and agrees with Judge Figueredo that it "fails to give [D]efendants fair notice" of Genao's contaminated-cell claims.  R&R at 13 n.9 (cleaned up).  The R&R did not err in declining to consider these claims.

Genao's objections are otherwise general or conclusory, or restate Genao's original arguments.  *Wallace*, 2014 WL 2854631, at *1; *Pinkney*, 2008 WL 2811816, at *1.  The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Genao's objections to the R&R and ADOPTS the R&R's conclusions.  Defendants' motion for summary judgment is GRANTED in part, and DENIED in part.

The Clerk of Court is directed to terminate the motion at ECF No. 95, and mail a copy of this order to Plaintiff *pro se.*

SO ORDERED.

Dated: February 9, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

4